UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONY SANDOVAL, on behalf of himself**      **CASE NO. _____**
**and other similarly situated individuals**

**VERSUS**

**FOUR POINT CONSTRUCTION**
**SOLUTIONS, LLC and JASON BLAYDES**

---

### COMPLAINT – FLSA COLLECTIVE ACTION

---

Plaintiff Rony Sandoval, individually and on behalf of other similarly situated individuals, respectfully submits this Complaint and alleges as follows:

1.

This collective action is brought by plaintiff on behalf of a class of at least scores, and potentially well over one hundred construction workers currently or previously employed by Four Point Construction Solutions, LLC who were paid on a straight hourly basis and have not received the overtime pay to which they are entitled under the Fair Labor Standards Act.

*Jurisdiction*

2.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

*Venue*

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because plaintiff was employed by defendants within this district and a substantial part of the events or omissions giving rise to his claim (failure to pay overtime) occurred within this district.

*The Defendants*

4.

Made defendants herein and liable unto plaintiff Sandoval and other similarly situated individuals are the following:

I. Four Point Construction Solutions, LLC ("Four Point Construction"), a Georgia limited liability company that is registered to do and is doing business in Louisiana;

II. Mr. Jason Blaydes, a member of Four Point Construction and chief executive officer who is an individual of the full age of majority residing, upon information and belief, in Pensacola, Florida.

*Statement of Facts*

5.

Plaintiff Sandoval was hired by the defendants as a construction worker to provide labor for defendants. His work mostly involved sheetrock installation and framing.

6.

Plaintiff and the class he seeks to represent were "employees" as that term is defined by the FLSA, of defendants Four Point Construction and Jason Blaydes. Defendants controlled the

method and manner of work performed by the plaintiff and putative class members and set the hours which plaintiff and the collective action class were required to work.

7.

Upon information and belief, defendant Jason Blaydes is an owner and member of Four Point Construction, and it was he who hatched the payroll scheme, set forth below, through which defendants deprived plaintiff and the collective action class of overtime pay.

*The Payroll Scheme*

8.

Plaintiff Sandoval was hired by a representative of Four Point Construction named Jorge Montalvo. Mr. Montalvo told plaintiff he would be paid $19.00 per hour.

9.

Plaintiff worked 8-hour shifts each day, and usually worked between 5 and 7 days per week. He estimates that he worked, on average, 48 hours per week.

10.

For a 5-day, 40-hour workweek, Sandoval would receive a paycheck for $760.00, just as he expected, given his promised $19.00 hourly rate. However, the pay stub accompanying his check would reflect payment of $630.00 for 40 hours at the rate $15.75 per hour, plus an additional "bonus" of $130.00 to bring his week's total to his expected $760.00.

11.

If plaintiff Sandoval worked 48 hours, he expected to be paid $912.00 at the $19.00 per hour rate that he was promised. He was indeed paid $912.00, but his paystub would reflect 40 hours at the rate $15.75 per hour, plus 8 hours of "OT" at $23.63 per hour. Because this would

only bring his compensation to $819.04, the plaintiff's pay stub would also reflect a "bonus" of $93.00, to bring his compensation to the expected $912.00.

12.

In other words, regardless of the number of hours the plaintiff worked in a given week, defendants always paid him an amount equal to the number of hours worked multiplied by $19.00. His paystub, however, always reflected a regular rate of pay of $15.75, plus overtime paid at $23.63, plus a "bonus" that always brought his compensation to his promised rate of $19.00 per hour.

13.

Plaintiff was always paid $19.00 per hour, irrespective of the number of hours he worked. His actual regular rate of pay was therefore $19.00 per hour.

14.

Plaintiff's co-workers, largely Hispanic, non-English speaking laborers, were also paid in accordance with this payroll scheme in order to make it look as though they were paid overtime for hours worked in excess of 40 hours per week. (Plus a "bonus" to ensure that their gross pay reflected their promised rate of pay.)

*FLSA Collective Action Allegations*

15.

Plaintiff Sandoval and the collective action members were employees of the defendants during the time period to which this action pertains.

16.

Plaintiff Sandoval seeks to represent a class consisting of all the construction workers who performed construction labor for Four Point Construction and who were paid using the

4

scheme set forth in paragraphs 8 – 13. The class is believed to include scores, if not hundreds, of individuals.

17.

The defendants know the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. That group is believed to include scores of individuals, and perhaps well over one hundred people. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

18.

There are questions of fact and law common to the class, including whether defendants failed to pay overtime wages as required by the FLSA to hourly construction workers.

19.

Plaintiff Sandoval and the collective action members that he seeks to represent are similarly situated and are subject to the defendants' unlawful employment practices outlined above. The plaintiff will fairly and adequately represent and protect the interests of the members of the collective action. Attorneys for plaintiff Sandoval are experienced in FLSA collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

20.

Defendant Four Point Construction is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21.

Both defendants, jointly, are the "employers," of the plaintiff and the putative members of the class within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant Blaydes is a member of defendant Four Point Construction and the company's highest-ranking officer. Defendant Blaydes is responsible for the establishment of the unlawful payroll scheme alleged herein, and is responsible for the establishment of the policy not to pay overtime in violation of the FLSA.

22.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

23.

The defendants have willfully refused to pay overtime to plaintiff and the collective action members whom he seeks to represent for hours worked in excess of 40 hours per week in an attempt to extract a higher profit margin on the construction projects of Four Points Construction.

*Alternative FLSA Overtime Damages Calculation*

24.

In the alternative, even if the Court were to find that, regardless of the pay rate they promised the plaintiff, defendants were entitled to simply pay him a lower hourly rate, plus overtime, plus a "bonus" that brought him to his expected gross compensation, then the defendants were still in violation of the FLSA, and they underpaid the plaintiff and the collective action class. The purported "bonus" was not discretionary, because it was tied to each

employee's promised hourly rate. A non-discretionary bonus, per the FLSA, must itself be included in the calculation of each week's regular and overtime rates of pay for plaintiff and the putative collective action class.

25.

Attached hereto and made a part hereof as Exhibit A is the *FLSA Consent to Sue* form executed by Mr. Mendoza in accordance with 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Rony Sandoval, on his own behalf and on behalf of the collective action members he seeks to represent, prays for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. An award of damages as provided by the FLSA, including liquidated damages to be paid by defendants;

3. An order appointing plaintiff and his counsel to represent the collective action members;

4. Reasonable attorney's fees, costs, and expenses of this action as provided by FLSA;

5. A judgment declaring that defendants are liable *in solido* for damages as provided by the FLSA, including liquidated damages, reasonable attorney's fees, costs, and expenses of this action; and

6. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

<u>/S James R. Bullman</u>
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
James R. Bullman (La. Bar Roll No. 35064)
850 North Boulevard
Baton Rouge, LA 70802
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
Email: james@estesdavislaw.com
*Attorneys for Plaintiff*